**OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.**

**Questions Propounded by the House in an Order Dated July 6, 1967.**

**Answered July 7, 1967.**

Supreme Judicial Court of Maine.

July 12, 1967.

---◆---

### HOUSE ORDER PROPOUNDING QUESTIONS

### STATE OF MAINE

In House July 6, 1967

WHEREAS, it appears to the House of Representatives of the 103rd Legislature that the following are important questions of law, and that the occasion is a solemn one; and

WHEREAS, the Legislature has enacted Legislative Document 1744 entitled "An Act to Appropriate and Provide Additional Moneys for the Expenditures of State Gov-

ernment and for Other Purposes for the Fiscal Years Ending June 30, 1968 and June 30, 1969, Conditioned Upon the People's Ratification by a Referendum Vote"; an engrossed copy of which is attached hereto, denominated Exhibit A, and is incorporated herein, and

WHEREAS, said bill provides that it shall be submitted to the voters for their approval before it shall become effective; and

WHEREAS, said bill has passed both Houses and has been presented to the Governor for his approval; and

WHEREAS, the Attorney General, on July 6, 1967, has advised the Speaker of the House of Representatives that it is his opinion the Governor has no power to interpose himself between the people and the Legislature when specific legislation is conditioned upon ratification by the people; and that, specifically, the Governor has no power to veto said bill; and

WHEREAS, Article IV, Part 3rd, Section 2 of the Constitution of Maine provides in part that " * * * [e]very bill or resolution, having the force of law * * *" shall be presented to the Governor for his approval; and

WHEREAS, Article IV, Part 3rd, Section 19 of the Constitution of Maine provides "The veto power of the Governor shall not extend to any measure approved by vote of the people * * *" and that "The Legislature may enact measures expressly conditioned upon the people's ratification by a referendum vote." and

WHEREAS, it is important that the Legislature be informed as to the constitutionality of said presentation to the Governor;

NOW, THEREFORE, BE IT ORDERED that the Justices of the Supreme Judicial Court are hereby respectfully requested to give to the House of Representatives, according to the provisions of the Constitution, on its behalf, their opinion on the following questions:

1. Does an Act of the Legislature in the form presented by Legislative Document 1744 "AN ACT to Appropriate and Provide Additional Moneys for the Expenditures of State Government and for Other Purposes for the Fiscal Years Ending June 30, 1968 and June 30, 1969, Conditioned Upon the People's Ratification by a Referendum Vote," which provides that it shall not become effective until approved by the people of the State pursuant to Article IV, Part third, Section 19 of the Constitution of Maine, have the force of law, so that it is necessary that said Act be presented to the Governor for his consideration, pursuant to Article IV, Part 3rd, Section 2 of the Constitution of Maine?

2. Did the Legislature err in sending Legislative Document 1744 to the Governor for his approval instead of sending it forthwith to the Secretary of State to prepare for the referendum provided by its terms?

3. Does the Governor have the power of veto to prevent the Legislature from sending legislation to the people for ratification?

Name: Richardson
Town: Cumberland

HOUSE OF REPRESENTATIVES
READ AND PASSED
UNDER SUSPENSION OF RULES
July 6, 1967
BY UNANIMOUS CONSENT
Bertha W. Johnson
Clerk

A true copy,

ATTEST: Bertha W. Johnson

(Mrs.) Bertha W. Johnson
Clerk of the House

ANSWER OF THE JUSTICES

To the Honorable House of Representatives of the State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of

the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on July 6, 1967.

QUESTION (1): Does an Act of the Legislature in the form presented by Legislative Document 1744 "AN ACT to Appropriate and Provide Additional Moneys for the Expenditures of State Government and for Other Purposes for the Fiscal Years Ending June 30, 1968 and June 30, 1969, Conditioned Upon the People's Ratification by a Referendum Vote," which provides that it shall not become effective until approved by the people of the State pursuant to Article IV, Part Third, Section 19 of the Constitution of Maine, have the force of law, so that it is necessary that said Act be presented to the Governor for his consideration, pursuant to Article IV, Part 3rd, Section 2 of the Constitution of Maine?

ANSWER: We answer in the affirmative.

■■■ "Every bill or resolution, having the force of law", the phrase employed in Article IV, Part Third, Section 2, means every bill or resolution which, upon completion of the legislative process, shall have the effect of law. The legislative process here involved is composed of concurring action by both Houses of the Legislature together with consideration by the Chief Executive resulting in (a) approval, (b) disapproval, followed by reconsideration and passage by the Legislature over such disapproval, or (c) failure of the Chief Executive to either approve or disapprove within the applicable period of time prescribed in the last sentence of Article IV, Part Third, Section 2. See Moulton v. Scully, 111 Me. 428, 448, 89 A. 944, and Stuart v. Chapman, 104 Me. 17, 23, 70 A. 1069.

■■ QUESTION (2): Did the Legislature err in sending Legislative Document 1744 to the Governor for his approval instead of sending it forthwith to the Secretary of State to prepare for the referendum provided by its terms?

ANSWER: We answer in the negative.

The requirement of Article IV, Part Third, Section 2 of the Constitution of Maine that every bill having the force of law shall be sent to the Governor for his approval is not altered or modified by the presence of a referendum clause in such bill.

■■ QUESTION (3): Does the Governor have the power of veto to prevent the Legislature from sending legislation to the people for ratification?

ANSWER: The wording of this question leaves some uncertainty as to the intended scope of inquiry. If the intention is to inquire whether or not the Governor has the power of veto with respect to bills which carry a referendum clause, then our answer would be in the affirmative. If after such veto, such proposed bill is passed by vote of the number of each House required to overcome the effect of veto, it would then be submitted to referendum. Dated at Augusta, Maine, this 7th day of July, 1967.

Respectfully submitted:

ROBERT B. WILLIAMSON

DONALD W. WEBBER

WALTER M. TAPLEY, Jr.

HAROLD C. MARDEN

ARMAND A. DUFRESNE, Jr.

RANDOLPH A. WEATHERBEE